UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darren Warner,<br><br>　　　　Petitioner,<br><br>v.<br><br>Warden Fikes,<br><br>　　　　Respondent. | Case No. 21-cv-157 (NEB/DTS)<br><br>**REPORT AND RECOMMENDATION** |

　　　　While incarcerated in a federal prison, Petitioner Darren Warner possessed a piece of paper containing heroin, thus violating a Bureau of Prisons (BOP) policy. The BOP notified Warner of the allegations, held a hearing, permitted him to call witnesses, found that Warner committed the offense, and disciplined him. It provided Warner all the required elements of due process. Warner's hearing report, however, contained several clerical errors, which Warner alleges violates his constitutional right to procedural due process. For that reason, Warner seeks a writ of habeas corpus reinstating the forty-one days of good conduct time he lost as punishment. Because the Government's conduct satisfied the Constitution's requirements, the writ must be denied.

　　　　The Court thoroughly described the factual background and legal analysis in its earlier Order and incorporates those findings of fact and conclusions of law here. Order, Dkt. No. 13.

　　　　In short, the BOP alleged Warner possessed heroin. The Unit Disciplinary Committee (UDC) held a hearing on the incident and referred the charges to a Disciplinary Hearing Officer (DHO). The DHO held a hearing, ultimately finding sufficient evidence that Warner committed the offense. But the DHO's report inadvertently contained several

errors, some clerical, but others substantive. For example, the report summarized evidence about possessing intoxicants, which related to another inmate's misconduct. Warner appealed and the regional office remanded the incident for a new hearing.

The DHO held a rehearing and again found that Warner committed the prohibited offense. But the DHO's rehearing report still contained clerical—though no substantive— errors, so Warner again appealed to the regional office. Because of those clerical inaccuracies, the DHO amended the rehearing report; but clerical errors still remained, so Warner appealed again.

The Court found that the BOP's handling of Warner's discipline for the initial hearing conformed to the constitutional requirements of due process. But the Court had one reservation about the rehearing: *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that the factfinder issue a written statement of the evidence relied on and the reasons for the disciplinary action. *Id.* at 563–67. The BOP provided Warner a copy of that written statement from the rehearing, but not until more than six months later. The Court was concerned that the significant delay in providing Warner a copy of this report may have prejudiced his ability to appeal, which he had to file within twenty days after notice of the DHO's decision and disposition. Wattier Decl. Ex. E, at 1, Dkt. No. 10-5.

For that reason, the Court ordered the Government to submit evidence showing whether Warner had filed an appeal from the rehearing findings. Order at 18, Dkt. No. 13. The Government filed that documentation, which revealed that Warner did, in fact, appeal. *See* Gov't Resp., Dkt. No. 17; Boldt Decl., Dkt. No. 20. Warner admits as much in his response to the Government's filings. Pet. Resp. at 1, Dkt. No. 21. Thus, any delay in the

BOP providing Warner a copy of the DHO rehearing report neither prejudiced nor forestalled Warner's ability to appeal.

The Court's basic concern was that Warner be able to appeal at some point after his DHO rehearing, which he did. Warner, though, leverages the opportunity in his reply to reargue that the evidence the Government submitted does not resolve the legal issue because clerical errors remained in his amended rehearing report. *Id.* at 2. The Court has already explained why Warner's sufficiency of the evidence argument is unpersuasive, and will not repeat that explanation here. Order at 12–15, Dkt. No. 13. The Court will, however, elaborate on its prior findings regarding Warner's due process claim.

Warner argues that the remaining clerical errors in the DHO's rehearing report—such as an incorrect date or unit assignment—violate the Constitution. Though the BOP's documentation of Warner's discipline is far from error free and suggests that the BOP's attention to detail is substandard, no clerical error here violated Warner's constitutional rights. *Adams v. Fed. Bureau of Prisons*, No. 11-cv-2862 (MJD/SER), 2011 WL 7293381, at *2 (D. Minn. Dec. 6, 2011) ("[E]ven if a prison official's action created a potential due process violation, a habeas petitioner needs to demonstrate that he was harmed by the violation in order to obtain relief."). Again, the Court's concern was that the delay in serving the rehearing report may have prejudiced Warner's ability to appeal. Because he appealed after he received the delayed report, the requirements of *Wolff* were satisfied.

The Court therefore recommends that Petitioner Darren Warner's petition for a writ of habeas corpus [Docket No. 1] be **DENIED** and this matter be **DISMISSED WITH PREJUDICE**.

Dated: June 21, 2021                                    s/ David T. Schultz
                                                                                              DAVID T. SCHULTZ
                                                                                              United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to the magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).